# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **CYRUS SPANGLER AND** | § | |
| **TIFFANY LANE SPANGLER** | § | |
| **PLAINTIFFS** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | (Jury) |
| **CUSTOM ATV OF** | § | |
| **SHREVEPORT, INC.** | § | |
| **DEFENDANT** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs Cyrus Spangler and Tiffany Lane Spangler, by and through the undersigned counsel, and file this Original Complaint against Defendant Custom ATV of Shreveport, Inc., and in support thereof would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This action arises by diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different U.S. States, and the amount in controversy exceeds the sum of $75,000.00, exclusive of attorneys fees, interest and costs.

2. A substantial part of the events giving rise to Plaintiffs claims herein occurred in Bowie County, Texas. Specifically, the fire in question resulting in Plaintiffs damages occurred in Bowie County, Texas. Moreover, Plaintiffs damages were sustained in Bowie County, Texas. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Defendant maintains sufficient contacts with the State of Texas for this Court to exercise personal jurisdiction over Defendant.

## II.
## PARTIES

3. Plaintiffs are individuals and citizens of the State of Texas.

4. Defendant is a corporation and citizen of the State of Louisiana, with its principal place of business located at 9447 Mansfield Road, Suite 7, Shreveport, Louisiana 71118. Defendant may be served with process through its registered agent Richard Scott Meshell at 9447 Mansfield Road, Shreveport, Louisiana 71118.

## III.
## FACTUAL BACKGROUND

5. In approximately November, 2019 Plaintiffs purchased a 2019 Polaris Ranger XP 1000 NorthStar Edition side by side from its original owner, Jon Stover. Prior to selling the vehicle to Plaintiffs in November, 2019 Defendant Custom ATV of Shreveport, Inc. (hereinafter "CATVOS") installed, among other items, a rear winch and mount. Defendant CATVOS was, at all material times, engaged in the business of installing equipment on all terrain vehicles.

6. During the evening of June 4/5, 2020 the Polaris Ranger was parked in the garage of Plaintiffs home located at 1 Stoneridge Circle, Texarkana, Texas 75503. At approximately 1:45 a.m. Plaintiff Tiffany Lane Spangler woke to the smell of smoke, and upon searching, determined that the smoke was coming from the garage into the home. After exiting the home Mr. Spangler secured a water hose while Mrs. Spangler secured a fire extinguisher and proceeded to break out the glass windows of the garage door, which could not be raised due to damage from the fire.

7. Because the garage door would not open, Mrs. Spangler used the fire extinguisher to punch out the windows in the garage door and began fighting the flames with the fire extinguisher. Mr. Spangler sprayed water from a garden hose on the fire until emergency responders

arrived. The fire, which originated in the Polaris Ranger, damaged Plaintiffs personal property, including the Ranger, an adjacent vehicle, the garage and certain contents of Plaintiffs home. Additionally, Tiffany Lane Spangler sustained a serious laceration to her right forearm which resulted in at least two severed nerves, leaving her with a permanent disability.

8. Plaintiff Tiffany Lane Spangler was employed as the editor/publisher of Life Outdoors Magazine. As a result of her injuries sustained in the accident, she was unable to perform normal job duties for an extended period of time.

## IV.
## COUNT ONE - NEGLIGENCE

9. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 8 herein above.

10. As a retailer and installer of ATV products, including winches, Defendant CATVOS had a duty to provide a safe product to the public, including the Plaintiffs. Defendant breached this duty by designing, fabricating, installing and delivering for sale a product that was unsafe. Specifically, Defendant was negligent in the following respects:

   a. Negligently installing a rear winch without including a fusible link to protect the winch motor wiring from shorting out;

   b. Negligently routing the wiring to the winch over a metal band which contributed to the ultimate arcing of the winch wiring;

   c. Negligently failing to warn Plaintiffs that the winch was not properly wired or installed into the all terrain vehicle;

   d. Negligently failing to provide adequate instructions concerning the operation of the rear winch; and

   e. Otherwise negligent under the circumstances.

11. The fire in question originated within the Polaris Ranger ATV unit. Specifically, the ill placed and insufficiently protected rear winch wiring arced out causing the unit to catch fire resulting in Plaintiffs damages set forth herein after.

## V.
## DAMAGES

12. As a direct and proximate result of Defendant's breach of its duties set forth herein above, Plaintiffs Cyrus Spangler and Tiffany Lane Spangler have sustained serious and permanent injuries as a result of the occurrence. Specifically, Plaintiffs have:

   a. Sustained loss in the form of damages personal property as a result of the fire;

   b. Tiffany Lane Spangler has incurred significant medical expenses and will continue to incur such expenses for the foreseeable future;

   c. Tiffany Lane Spangler has sustained damages in the form of physical pain, mental anguish and scarring;

   d. Tiffany Lane Spangler has sustained a significant loss of wages and lack of wage earning capacity; and

   e. Plaintiffs incurred out-of-pocket expenses in the form of interest accrued on the loan to purchase the ATV in question which has been of no use to Plaintiffs since the fire in question, additional living expenses in the form of temporary housing expenses while the fire damage was repaired; and

## VI.
## JURY DEMAND

13. Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED Plaintiffs Cyrus Spangler and Tiffany Lane Spangler respectfully request that Defendant Custom ATV of Shreveport, Inc., be summoned to appear and answer herein, and that upon final hearing the Court award judgment against Defendant for their damages, prejudgment and post-judgment interest as provided by law; costs of suit and any

and all further relief to which Plaintiffs are entitled.

June 1, 2022

           Respectfully submitted,

           */s/ W. David Carter*

           W. David Carter
           Texas State Bar No. 03932780
           MERCY ✶ CARTER, L.L.P.
           1724 Galleria Oaks Drive
           Texarkana, Texas 75503
           Telephone: (903) 794-9419
           Fax.: (903) 794-1268
           wdcarter@texarkanalawyers.com

           ATTORNEYS FOR PLAINTIFFS
           CYRUS SPANGLER AND TIFFANY LANE SPANGLER